IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                                                                )
          Plaintiff, )
                                                               )     Criminal Action No.
v. )     14-03104-01-CR-S-MDH
                                                               )
SCOTT GOODWIN-BEY, )
                                                               )
          Defendant. )

## SCHEDULING AND TRIAL ORDER

### I. SCHEDULING CONFERENCE

Present for a scheduling conference on December 15, 2014, were defendant Scott Goodwin-Bey and his counsel, Michelle Moulder, Assistant Federal Public Defender, and counsel for the government, Jim Kelleher, Assistant United States Attorney.

    **A.    DISCOVERY**

    1.    Counsel for the government and defendants agreed to voluntarily provide Jencks Act material at least 14 days prior to trial.

    2.    This proceeding constitutes a specific request by the defense and the government for all information covered by this proceeding. In addition, during the conference, defense counsel requested all discovery to which defendant may be entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the United States Constitution. The government requested reciprocal discovery to which it is entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the United States Constitution.

### II. DISCOVERY PROVIDED BY THE GOVERNMENT

**Within ten days** from the date of this Order, the government shall disclose or make available for **inspection, copying or photographing** to defense counsel, the following information within the possession, custody and control of the government or the existence of

which is known or by the exercise of due diligence may become known to the attorney for the government:

- A. **CONVICTIONS**

    1. A copy of the prior criminal record of the defendant, if any, which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

    2. A copy of the defendant's prior felony convictions which the government intends to use for impeachment.

- B. **STATEMENTS**

    1. Any written or recorded statement, or copy thereof, made by the defendant which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

    2. The substance of any oral statement made by the defendant whether before or after arrest, to an attorney for the government, a Federal agent, or any other law enforcement officer.

    3. The recorded testimony of the defendant before a Grand Jury which relates to the offense charged.

- C. **OTHER DISCOVERY**

    1. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

    2. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

### D. **EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

1. Identify and provide a list of the physical or tangible evidence seized pursuant to a state or federal search warrant, consent of the defendant or of some other person or incident to the arrest of the defendant and as to each item described and identified provide the following:

    a. The location from which the evidence was seized;
    b. The date and time of the search and seizure;
    c. The name and address of the person(s) making the seizure;
    d. The name and address of any witness(es) to the seizures; and
    e. In lieu of items (a)-(d), the government can provide all reports relating to any search and seizures within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the Government.

2. Identify and list by date all electronic surveillance including any court ordered interceptions of oral or wire communications, consensual recordings of telephone conversations, body recorders, wiretaps, pen registers or trap and trace devices, video cameras, or bank surveillance cameras and provide the following:

    a. All logs, notes, reports or other material relating to the electronic surveillance
    b. Copies and transcripts, if transcribed, of any recorded conversations; and
    c. Copies of all videotape, including bank surveillance tapes.

3. Disclosure of any identification procedure of defendant that has been used either by way of lineups or photographic or voice identification and for each such procedure provide the following information:

    a. The name and address of each identification witness;
    b. The method of identification;
    c. The specific items used in the identification procedure, i.e. photographs, tape recordings, etc.;
    d. The date and location of the identification procedure;
    e. The results of the identification procedure; and
    f. Notes, memorandum, reports and records regarding the identification procedure.
    g. In lieu of items (a)-(f), the government can provide all reports relating to any identification procedure of defendant within its possession, custody, and control, the existence of which is known or

by the exercise of due diligence may become known to the attorney for the Government.

### III. DISCOVERY PROVIDED BY THE DEFENDANT

#### A. DOCUMENTS / REPORTS/ TESTS

Upon compliance with the government's discovery obligations under sections II.C.1. or II.C.2. above, the defendant shall permit the government to **inspect, copy or photograph** the following categories of material:

1. Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

#### B. ALIBI EVIDENCE

1. **Within thirty days from the date of this Order,** defendant shall serve upon the government a written notice of the defendant's intention to offer a defense of alibi. Such notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

2. **Within ten days thereafter, but in no event less than ten days before trial,** the government shall serve upon the defendant a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

3. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished above, the party shall promptly notify the other party of the existence and identity of such additional witness.

4

## IV. EXPERT TESTIMONY

A. **RULE 16(a)(1)(E) EXPERTS**

1. **No later than ten days prior to the trial,** the government shall disclose to the defendant a written summary of testimony that the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The written summary should identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

2. **No later than five days prior to trial,** defendant shall disclose to the government a written summary of testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial. The written summary should identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

B. **MENTAL HEALTH EXPERTS/EVIDENCE**

1. **On or before twenty days from arraignment,** the parties must file any motion seeking to determine the defendant's mental competency pursuant to 18 U.S.C. § 4241.

2. **On or before twenty days from arraignment**, the defendant shall file a notice in writing which complies with the requirements of Rule 12.2 of the Federal Rules of Criminal Procedure stating:

    a. Whether the defendant intends to rely upon the defense of insanity at the time of the alleged offense; and
    b. Whether the defendant intends to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt.

3. If the defendant gives notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition, **on or before thirty days prior to trial**, the defendant shall identify the experts and provide a summary of the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications.

4. If the defendant complies with the requirements of V.B.2. and V.B.3., **on or before ten days prior to trial**, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 as evidence at trial on the issue of the

5

defendant's mental condition. The summary shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

## V. EVIDENCE FAVORABLE TO THE DEFENSE

A. **BRADY EVIDENCE**

**Within ten days from the date of this order,** the Government is directed to disclose all evidence favorable to the defendant within the meaning of Brady v. Maryland.

B. **GIGLIO IMPEACHMENT EVIDENCE**

**No later than ten days prior to trial,** the Government is directed to disclose all evidence which may tend to adversely affect the credibility of any person called as a witness by the government pursuant to Giglio v. United States and United States v. Agurs, including the arrest and/or conviction record of each government witness, any offers of immunity or lenience, whether made directly or indirectly, to any government witness in exchange for testimony and the amount of money or other remuneration given to any witness.

C. **ENTRAPMENT EVIDENCE**

**Within ten days from the date of this Order,** the government is directed to provide discovery, inspection, and copying or photographing of any information suggesting entrapment of the defendant which is within the possession, custody or control of the government or the existence of which is known or by the exercise of due diligence may become known to the government attorney.

D. **WITNESS INDUCEMENTS**

**No later than ten days prior to trial,** the government is directed to provide written disclosure of: (a) the names(s) and address(es) of the witness(es) to whom the government has made a promise; (b) all promises or inducements made to any witness(es); (c) all agreements entered into with any witness(es); and (d) the amount of money or other remuneration given to any witness(es).

E. **INFORMANTS**

Unless the government has made a claim of privilege as to an informant, **no later than ten days prior to trial,** the government is directed to provide: (a) the name(s) and address(es) of the informant(s); (b) all promises or inducements to the informant(s); (c) all agreements entered into with the informant(s); (d) the amount of money or other remuneration given to the informant(s); (e) identification of the

6

informant's prior testimony; (f) evidence of psychiatric treatment; (g) evidence of the informant's narcotic habit; and (h) the name, address and phone number for the lawyer(s) for the informant(s) if represented by counsel.   If an informant objects to the disclosure of his or her address, the government shall produce the informant to defense counsel for a determination of whether or not the informant will consent to an interview.   If the informant refuses to appear, the United States shall provide a written statement to that effect signed by the informant or his counsel.

## VI.   PRETRIAL FILINGS

A.   **PRETRIAL MOTIONS**

**On or before twenty days from the date of this order,** the parties shall file any relevant pretrial motions.   Any suggestions in opposition shall be filed **on or before ten days thereafter.**   For defendants who are represented by counsel, the Court will only accept pretrial filings made by counsel.   Pro se filings **will not** be accepted for defendants who are represented by counsel.

B.   **RELEVANT OFFENSE CONDUCT**

**Within ten days of trial or a change of plea hearing**, the government is directed to disclose all information in its possession on which it will rely to establish "relevant offense conduct" or to establish an upward departure under the Federal Sentencing Guidelines.

C.   **RULE 404(b) EVIDENCE**

The government is directed to provide written notice of all prior and subsequent acts and convictions intended to prove knowledge, intent or other elements identified in Rule 404(b) of the Federal Rules of Evidence **no later than ten days prior to trial.**

D.   **WITNESS LISTS**

The government is directed to supply in writing witness lists which shall include the name and address of each witness whom counsel intends to call in its case-in-chief, together with any record of prior felony convictions for such witness, **no later than ten days prior to trial.**   The defendant is directed to supply in writing witness lists which shall include the name and address of each witness whom counsel intends to call in its case-in-chief, together with any record of prior felony convictions for such witness, **no later than five days prior to trial.**   If a new witness is discovered after counsel prepares its witness list, either prior to trial or during trial, counsel shall promptly notify opposing defense and provide the discovery identified above.

### E. EXHIBIT LISTS

The government is directed to supply in writing exhibit lists which shall include a description of each exhibit that counsel intends to offer in its case-in-chief **no later than ten days prior to trial.** Defendant is directed to supply in writing exhibit lists which shall include a description of each exhibit that counsel intends to offer in its case-in-chief **no later than five days prior to trial. All exhibits must be numbered with Arabic Numbers and <u>No Sub Parts.</u> Specifically, exhibits must be numbered 1, 2, 3, 4, etc. No exhibits numbered 1A, 1B, 2A, 2B, etc., will be permitted.**

### F. MOTIONS IN LIMINE

**No later than seven days prior to trial,** the parties should file any motions in limine seeking to exclude evidence from trial. (Once the motion is filed, copies should be faxed to opposing counsel and the Court.) Any suggestions in opposition to the motions in limine should be filed **within three days** after the motion is filed.

### G. STIPULATIONS

Any proposed stipulations should be provided in writing to opposing counsel and the Court **no later than ten days prior to trial.**

## VII. WITNESS ADDRESSES

In lieu of providing the address of any witness required by this Order, counsel for the government or defendant may produce the witness for interview by opposing counsel.

## VIII. TIME CALCULATIONS

All time calculations are governed by the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

                          */s/ David P. Rush*
                          DAVID P. RUSH
                          United States Magistrate Judge

Date: <u>December 15, 2014</u>