IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.14-03104-01-CR-S-MDH |
| | ) | |
| SCOTT GOODWIN-BEY, | ) | |
| | ) | |
| Defendant . | ) | |

**ORDER**

Counsel for defendant has filed a motion for continuance of the May 4, 2015, trial setting in the above-captioned case. Defendant has filed a waiver of her rights under the Speedy Trial Act.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within 70 days from the filing of the information or indictment or the date of defendant's first appearance, whichever comes last. 18 U.S.C. §3161(c)(1)(Speedy Trial Act). However, in computing the time within which trial of any offense must commence, any period of delay which results from a continuance granted by a judge at the request of defendant or his or her counsel, which serves the end of justice, shall be excluded from computing the time. 18 U.S.C. §3161(h)(7)(A)(B). The Speedy Trial Act requires that the Court set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Factors which this Court shall consider in determining whether to grant a continuance include whether the failure to grant such a continuance would be likely to result in a miscarriage of justice and deny reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Counsel for defendant states additional time is necessary to complete a thorough and proper discovery and investigation in this matter. Failure to grant the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant's in a speedy trial. The motion for continuance of the May 4, 2015, trial setting will be granted and the case will be reset for jury trial on the Joint Criminal Docket which commences on September 21, 2015. It is

ORDERED that the defendant motion for continuance of the May 4, 2015, trial setting is granted; and it is further

ORDERED the above-captioned case is reset for jury trial on the Joint Criminal Trial Docket which commences on September 21, 2015, at 9:00 a.m.; and it is further

ORDERED that the additional period of delay in commencing defendant's trial caused by this continuance shall be excluded in computing the time within which this trial shall commence under the Speedy Trial Act.

> */s/ David P. Rush*
> **DAVID P. RUSH,**
> **UNITED STATES MAGISTRATE JUDGE**

Date: <u>April 3, 2015</u>