IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
|     Plaintiff, ) | |
| ) | Case No. 14-3104-CR-S-RK |
| v. ) | |
| ) | |
| SCOTT GOODWIN-BEY, ) | |
|     Defendant ) | |

# DEFENDANT'S MOTION TO SUPPRESS AND SUGGESTIONS IN SUPPORT

## INTRODUCTION

The officer's stop of Defendant Goodwin-Bey violated his right against unreasonable searches and seizures provided by the Fourth Amendment of the United States Constitution. The stop of Defendant Goodwin-Bey was improper because when the officer activated his lights and signaled to Defendant to pull over, he lacked the requisite reasonable suspicion to make an investigatory stop. Because the stop was improper, all evidence obtained as a direct result of the stop, including statements from Defendant , must be suppressed.

## RELEVANT FACTS

On November 29, 2014, Defendant was operating a vehicle when he was stopped and temporarily detained by deputies with the Greene County Sheriffs Department. According to reports, Defendant was "stopped and detained" because the vehicle matched the description of a vehicle involved in an earlier "check the well-being incident." Defendant was detained at the scene until Springfield Police Department officers could arrive. After SPD officers made contact

with Defendant he was released because, according to Officer C. Taylor (DSN# 1242) "there was no probable cause to detain or arrest" Defendant. As the Court will no doubt hear, Defendant was a "subject of interest" in the investigation of a homicide occurring in Springfield, Missouri on or about November 15, 2014. It is in the context of this homicide investigation that Defendant came into contact with officers on November 28, 2014. It is unclear as to what law enforcement report identified Defendant or his vehicle as a "check the well-being incident," but it what is clear is that during this detention on November 28, police acknowledged that they had no basis upon which to detain or arrest Defendant.

On November 30, 2014, the Springfield Police Department received a call regarding "a male subject at the location with a gun." The reports summarize the 911 call comments as stating "the male subject arrived and left the location [3901 W. Chestnut Expressway, Springfield, MO] in a white four door Lincoln with license plate SL4A5D. The call comments indicated an employee of the business had taken a gun from the male subject." Other reports summarize the 911 notes as:

*M/B PULLED UP, HAS A GUN, GAVE IT TO AN EMP. SOMETHING IS WRONG WITH HIM. HE ARRIVED IN A WHT 4D LINOCLN, LIC/SL4A5D.*

As SPD officers were making contact with the caller at the location where this incident occurred, SPD Sgt. Laub, also responding to the dispatch call, "received information the involved white Lincoln had been seen at the Casey's General Store at 4124 W. Chestnut Expressway. Sgt. Laub responded to the Casey's and saw a white Lincoln with [the same plate number] pulling off of the parking lot…Sgt. Laub conducted an investigative traffic stop on the vehicle and contacted the driver who was identified as Scott Goodwin-Bey." Defendant was

detained by Sgt. Laub and was not free to leave the location of his stop, and remained in detention for approximately 45 minutes prior to his eventual arrest.

## ANALYSIS

"In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court recognized that the Fourth Amendment is not offended by a brief investigatory stop by a law enforcement officer who has a reasonable suspicion, based upon specific and articulable facts, that the person stopped is involved in criminal activity." A traffic stop is more like a brief stop under *Terry v. Ohio* than an arrest, and its "tolerable duration is determined by the seizure's mission. *Rodriguez v. United States*, 135 S.Ct. 1609, 1610 (2015), citing *Arizona v. Johnson*, 555 U.S. 323, 330; and *Illinois v. Caballes*, 543 U.S. 405, 407.

The existence of a reasonable suspicion based on specific and articulable facts "is dependent on both the content of information possessed by police and its reliability." *Alabama v. White,* 496 U.S. 325, 332, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). While the Fourth Amendment permits these brief investigative stops, a law enforcement officer must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-418 (1981). When the information possessed by the police is obtained by the phone call of an anonymous person, or by an identified person who is unknown to the police as being a reliable informant, courts examine whether the informant was known to the police to be reliable. *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972)).

When examining the objective basis for a stop that is based upon information provided by a third person, courts are instructed examine the totality of the information provided to determine if there is sufficient reliability to justify a Fourth Amendment intrusion. *Navarette v. California*,

134 S.Ct. 1683, 1688 (2014). An unknown callers reliability can be found where the caller claims eyewitness knowledge of the criminal activity or where there is detailed description of the alleged wrongdoing. *Id*. In *Alabama v. White*, 496 U.S. 325 (1990), the Court held that the anonymous tip was sufficiently reliable to create reasonable suspicion of criminal activity. In that case an anonymous tipster told police that a woman would drive from a particular apartment building to a particular motel in a brown Plymouth station wagon with a broken tail-light, and that the vehicle would contain cocaine. *Id*., at 327. With the officer's corroboration of certain details (description and location of the vehicle), the third person caller had accurately predicted future behavior and "a special familiarity with the respondent's affairs" which in turn implied that the caller had "access to reliable <u>information about that individuals illegal activities</u>." *Id*. (emphasis added).

In contrast, the Court in *Florida v. J.L.*, 529 U.S. 266 (2000), held that no reasonable suspicion could be found where a caller claimed that a young black man in a plaid shirt standing at a bus stop was carrying a gun. *Id*., at 268. The caller did not explain how he knew about the gun, and did not offer information that would establish any special familiarity with the young mans affairs. *Id*., at 271. The Court held that the officer had no basis for believing that the caller had "knowledge of concealed <u>criminal activity</u>." *Id.*, at 272 (emphasis added).

Even if a call or tip is reliable, it will justify an investigative stop only if it creates reasonable suspicion that "criminal activity may be afoot." *Terry*, 392 U.S., at 30. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. *U.S. v. Cortez*, 449 U.S. 411, 417 (1981).

In this case, no specific and articulable facts were known to Sgt. Laub at the time he initiated the stop – *i.e.*, at the time he activated his patrol car lights – which would support the

proposition that Sgt. Laub had developed a reasonable suspicion to believe Defendant had committed a crime or was about to commit a crime. Sgt. Laub was responding to a call reporting that a black male, who had acted strangely, had displayed a handgun to an employee at a convenience store. The employee had taken the handgun, and was holding it for police. Sgt. Laub had no information, because none had been provided, that the male had committed a crime, or was involved in criminal activity. The entire line of Supreme Court cases, starting with *Terry*, which analyze Fourth Amendment issues regarding the stop and detention of individuals for "investigatory" reasons, all make clear that officers must have objectively reasonable suspicion of <u>criminal activity</u>, not just a hunch, before a stop will be allowed.

At the moment that Sgt. Laub turned on his patrol lights and initiated the stop of Defendant's vehicle, he was required at that moment to have an objectively reasonable belief, based upon specific articulable facts, that Defendant had engaged in, or about to be engaged in, criminal activity. Sgt. Laub did not know Defendant had prior felony convictions, and did not know that the firearm had been reported as stolen. Either of those facts would have been sufficient to create reasonable suspicion to believe a crime had been committed, and would have supported probable cause for an arrest. Defendant did not flee from Sgt. Laub, he was not driving erratically, and Sgt. Laub did not observe Defendant commit any kind of minor traffic violation that might otherwise justify this investigatory detention. Sgt. Laub initiated this stop based solely on what he had been informed of by dispatch, none of which amounted to any allegation that a crime had been, or was about to be, committed. The information provided by the caller was interesting and certainly worthy of further investigation, but did not, in and of itself, provide sufficient reasonable basis for the investigatory stop and detention of Defendant.

It was not until well after Defendant had been stopped and detained that officers discovered that Defendant had previously been convicted of a felony, and that the firearm had been reported as stolen. By that time, however, the original stop and detention, having occurred in violation of Defendant's Fourth Amendment rights, so tainted the investigation that all evidence recovered from Defendant and his vehicle, along with any statements made by Defendant while detained, including the post-detention identification of Defendant by the store clerk while Defendant sat before officers on the roadside, should properly be suppressed.

## CONCLUSION

For all of the foregoing reasons, the officer's stop of Defendant violated his right against unreasonable searches and seizures. Because the investigatory stop was not justified, all evidence obtained from the stop, including statements from Defendant, must be suppressed. Defendant requests that the Court hold an evidentiary hearing on this matter.

WHEREFORE, counsel requests that the Court grant the relief requested herein and for such other relief as deemed appropriate.

Sincerely,

*/s/Shane P. Cantin* (#41699)

CARVER, CANTIN & GRANTHAM
COUNSEL FOR SCOTT GOODWIN-BEY
901 E. St. Louis, Suite 1600
Springfield, Missouri 65806
417-831-6363
shane@c2glaw.com

## **CERTIFICATE OF SERVICE**

   On this 16th day of December, 2015, a copy of the foregoing motion was filed on the Court's ECF electronic filing system with copies to all counsel.

                */s/ Shane P. Cantin*