```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MISSOURI
                         SOUTHERN DIVISION


UNITED STATES OF AMERICA,         )
                                  )
                                  )
             Plaintiff,           )
                                  ) Case No.
        vs.                       ) 14-CR-3104-MDH-1
                                  )
                                  )
SCOTT GOODWIN-BEY,                )
                                  )
             Defendant.           )



                           SENTENCING
           BEFORE THE HONORABLE M. DOUGLAS HARPOOL
              THURSDAY, APRIL 6, 2017; 9:35 A.M.
                     SPRINGFIELD, MISSOURI




APPEARANCES:

FOR THE PLAINTIFF:        MR. JAMES J. KELLEHER
                          UNITED STATES ATTORNEY'S OFFICE
                          901 St. Louis, Ste. 500
                          Springfield, Missouri  65806

FOR THE DEFENDANT:        MR. SHANE P. CANTIN
                          CARVER, CANTIN & MYNARICH
                          901 E. St. Louis St., Ste. 1600
                          Springfield, MO  65806

COURT REPORTER:           MS. JEANNINE RANKIN, RPR, CSR
                          UNITED STATES DISTRICT COURT
                          222 N. Hammons Parkway
                          Springfield, MO  65806


     Proceedings recorded by mechanical stenography;
transcript produced by computer.
```

```
 1                  USA v SCOTT GOODWIN-BEY
 2                  CASE NO. 14-CR-3104-MDH-1
 3                        SENTENCING
 4                       April 6, 2017
 5                     *   *   *   *   *   *
 6           THE COURT:  We are here to sentence Scott
 7  Goodwin-Bey.
 8           Who appears on behalf of the United States?
 9           MR. KELLEHER:  Jim Kelleher, Your Honor.
10           THE COURT:  On behalf of the defendant?
11           MR. CANTIN:  Shane Cantin here with Mr. Goodwin-Bey,
12  Your Honor.
13           THE COURT:  Mr. Goodwin-Bey, would you stand.
14           My name is Doug Harpool.  I'm the federal district
15  judge.  It's my responsibility this morning to sentence you
16  for the crime that you committed.  The law instructs a federal
17  judge to sentence a person to a sentence which is sufficient
18  but not greater than necessary to meet the objective of the
19  U.S. sentencing laws.  That means in our inquiry this morning
20  the first thing we'll do is determine what those laws are.
21           The law, first of all, starts with what Congress
22  enacted and the president, then we'll look at what the U.S.
23  Sentencing Commission has suggested by way of its guidelines.
24  That guideline is not a mandatory sentence but it's a
25  guideline that federal district judges are to use and to
```

2

1  consider.  Then we'll talk about factors that are described in
2  the law at Title 18, Section 3553(a) which are grounds for a
3  Court to vary or depart from that guideline sentence in
4  specific cases.
5          The lawyers will make the arguments on everything
6  I've told you about so far.  They'll each get an opportunity
7  to recommend a sentence and explain why.  When that's done I
8  will give you an opportunity to say something to me, if you
9  want to.  You do, however, have a right to remain silent.
10 You're not required to say a word if you don't want to.  But
11 before I make any final decision, I will afford you that
12 opportunity.
13         After you've had that opportunity I'll make a final
14 decision and announce it at the hearing today and try to give
15 you an explanation as to why I've reached the sentence that
16 I've reached.
17         Before entering the courtroom I've read everything
18 that has been submitted to me.  I'm familiar with the facts of
19 the crime you committed and some -- whatever the background
20 information about -- that's contained in the presentence
21 investigation report.  Have you read the presentence
22 investigation report?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  You understand the process we're going
25 to follow, then?

3

1    THE DEFENDANT: Yes, Your Honor.
2    THE COURT: Go ahead and be seated, then.
3    All right. Counsel, let's start with the crime the
4  defendant is here to be sentenced on is possession of a
5  firearm by a previously-convicted felon. The Congress has
6  indicated that the sentence for that crime is to be not more
7  than 10 years in prison, followed by supervised release of not
8  more than three years, the possibility of a fine, and a $100
9  special assessment.
10   Any disagreement that that is what the Congress has
11 authorized for a sentence in this case?
12   MR. KELLEHER: No, Your Honor.
13   MR. CANTIN: No disagreement, Your Honor.
14   THE COURT: Let's talk, then, about the sentencing
15 guidelines. The presentence investigation report indicates
16 that the offense level that should be assigned to the
17 defendant is a 22 with a criminal history category of five.
18   Any objection to either of those determinations?
19   MR. KELLEHER: No, Your Honor.
20   MR. CANTIN: No, sir.
21   THE COURT: I did notice the government previously
22 had filed an objection. My understanding is that's going to
23 be withdrawn; is that correct?
24   MR. KELLEHER: That is correct, Your Honor.
25   THE COURT: The Court, then, is going to find that

4

under the U.S. Sentencing Guidelines the offense level to be assigned to this defendant is 22 and the criminal history category of five.

Applying the chart -- there's a chart in the back of the sentencing guideline book and across the top is an offense level -- excuse me, is the criminal history, down the side is the offense level. Applying those numbers to that guideline, then, the guideline sentence would be for a sentence of between 77 and 96 months, supervised release of one to three years, a fine of 7500 to 75,000, then a $100 special assessment.

Any disagreement that given my findings on the offense level and criminal history category that that is the guideline sentence?

MR. KELLEHER: No, Your Honor.

MR. CANTIN: No, Your Honor.

THE COURT: Having, then, those legal issues been resolved, we then need to turn to what the appropriate sentence in this case is given that guideline and I will recognize Mr. Kelleher from the U.S. Attorney's Office to make his first presentation.

MR. KELLEHER: Your Honor, I believe you're aware that the parties have jointly agreed to recommend a sentence of 120 months in this particular case. It's the government's position that that sentence is justified by the facts and

circumstances surrounding the offense as well as the history and characteristics of the defendant. In particular, the government would cite to the fact that this is the defendant's second conviction for being a felon in possession of a firearm and his third time being convicted in federal court.

Given the nature and circumstances of the crime, the defendant's criminal history and the other 3553 factors that the Court must take into consideration, the government agrees that a sentence of 120 months, that is the statutory maximum, followed by a term of supervised release of three years is appropriate in this particular case, Your Honor.

THE COURT: I understand, and I've been advised that that is going to be the joint recommendation?

MR. CANTIN: It is, Your Honor. After several discussions with Mr. Goodwin-Bey about the government's objection that has been withdrawn today, it is our joint request that the Court sentence 120 months, and I don't have any additional information to add at this time.

THE COURT: Does your client wish to address the Court?

THE DEFENDANT: No, Your Honor.

THE COURT: It is not normally the practice of this Court to give a maximum sentence when a guideline is below that maximum. This is kind of an unusual case, however, given the agreement of the parties and given the unspoken context in

1    which the state charges were filed for the alleged murders and
2    then nolle prossed, as I understand it, and this Court doesn't
3    know exactly what's going on with that prosecution.
4           I will say that I am concerned, Mr. Goodwin-Bey,
5    with your criminal history on a couple of levels.  One is you
6    clearly have had an issue with cocaine in your life, both use
7    and distribution.  That would concern us.  Not only because
8    it's against the law but because people on cocaine do things
9    that can result in injury to people.
10          What's also concerning in your case is your use of
11   weapons.  I see when you were just 29 you have a conviction
12   for unlawful use of a weapon.  Then as I think the U.S.
13   Attorney mentioned, back when you were 40 you were convicted
14   of possession of a firearm by a convicted felon.  Then here
15   you are now at 49, I think -- is that your age?
16          THE DEFENDANT:  (Nods head.)
17          THE COURT:  -- in which you again are in possession
18   of a weapon.  Drug use and weapons don't mix.  Related to
19   that, felons and weapons are not to mix under the law.  And so
20   when we have a felon previously convicted for unlawful use and
21   then again convicted for possession and then again convicted
22   for possession when the law is very clear that you're not even
23   allowed to have a weapon, in this case my recollection is the
24   weapon was loaded, and for someone who also has a cocaine
25   issue in their life -- and I realize you've been treated in

7

the past for it but it's of concern in this case that the public is at risk.

Our goal for you is pretty simple: Stay off of cocaine and follow the rules. The rules are you can't have a weapon. It's that simple. You may regret the conduct that led to that rule but that is the rule. And you've not shown a willingness to respect the law in that regard. For that reason, the recommendation of the United States Attorney makes sense to me and I am going to upwardly vary from the guideline and impose the sentence recommended by the parties.

I would point out that there's also some indication in the presentence investigation that there's something about you that has a disregard for societal rules, anger issues and suspicion of authority, that's the way I'm going to put it. None of those are crimes. And in your background you may have every good reason to have those beliefs and thoughts but that doesn't mean we can't demand a respect for the law and for you to follow the rules.

So it's the judgment of this Court that defendant Scott Goodwin-Bey is hereby committed to the custody of the Bureau of Prisons for 120 months on this one-count indictment. Upon release from imprisonment the defendant will be placed on supervised release for three years. I'm not going to impose a fine because I find this defendant doesn't have the ability to pay a fine. I will order him to pay the mandatory special

assessment of $100 which is due immediately.

After your release from prison while you're on supervised release, you will comply with the mandatory and standard conditions that been adopted by the Court. In addition, the defendant shall also comply with the special conditions listed in Part D, Paragraphs 81 through E of the presentence investigation report.

Mr. Goodwin-Bey, after you get released from prison on this federal charge -- based on your prior experience you can understand this -- there will be a period of time you'll have rules to follow while on supervised release. Those are the rules I just described to you and they're in your presentence investigation report and then there's mandatory conditions we use in every case. Please understand that if you fail to follow those rules, you can be ordered back to prison, so please comply with those rules.

But most importantly in your life going forward, stay away from cocaine and stay away from weapons, otherwise you're just going to find yourself right back in some courtroom in front of some judge issuing some sentence that you're not going to want to hear. We don't want that for you.

You do have a right to appeal the sentence I just imposed. If you want to appeal, you need to do so within 14 days. If you don't file that appeal within 14 days, you risk losing the right to raise certain issues. Do you understand

```
 1  your right to appeal, sir?
 2              THE DEFENDANT:  Yes, Your Honor.
 3              THE COURT:  Anything further from the government?
 4              MR. KELLEHER:  No, Your Honor.  Thank you.
 5              THE COURT:  Anything further from defendant?
 6              MR. CANTIN:  No, Your Honor.
 7              THE COURT:  Is there a location request or anything?
 8              THE DEFENDANT:  Yes, Your Honor.  I would like
 9  Greenville; Greenville, Illinois.
10              THE COURT:  Please understand that I can make a
11  recommendation to the Bureau of Prisons.  They aren't required
12  to follow my recommendation but I will make a recommendation
13  that you be in Greenville, Illinois.
14              THE DEFENDANT:  Thank you, Your Honor.
15              MR. CANTIN:  Thank you, Your Honor.
16              THE COURT:  We'll be in recess.
17              (Court stands in recess.)
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, Jeannine M. Rankin, Federal Official Court Reporter, in and for the United States District Court for the Western District of Missouri, Southern Division, do hereby certify that the foregoing is a true and correct transcript of the stenographically reported proceedings.

*/s/ Jeannine M. Rankin*

Date:  04/15/17    Jeannine M. Rankin, CCR, CSR, RPR